UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GERARD KWIATKOWSKI,

                              Plaintiff,

v.                                                                           Index No.

ARAMARK UNIFORM SERVICES.

                              Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. PRELIMINARY STATEMENT

1. This arises under Title I of the Americans with Disabilities Act, 42 U.S.C. §12101, et. seq. ("ADA"), for discrimination based on disability and retaliation.

### II. JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343

3. Venue is properly laid within the Western District of New York pursuant to 28 U.S.C. § 139J(b) in that the Plaintiff lives in the Western District of New York, the Defendant is located in the Western District of New York, and a substantial part of the acts or omissions giving rise to the claim occurred in the Western District of New York.

### III. PARTIES

4. That the Plaintiff resides in Lancaster, New York.

5. The Defendant Aramark Uniform Services (hereinafter "Aramark") is company organized and existing under the laws of the State of New York.

6. That from August 28, 1997 through December 31, 2019, Plaintiff was an employee of Defendant Aramark.

7. Aramark is an "employer" under Title I of the ADA as it is engaged in an industry affecting commerce and has had fifteen (15) or more employees for each working day

in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

8. At all relevant times herein, Defendant Aramark exercised control over the Plaintiff.

9. At all relevant times herein, Plaintiff took direction from Defendant Aramark.

10. At all relevant times herein Defendant Aramark and its' agents, made the decisions which led to the violations of the Plaintiff's rights under Title I of the ADA

## IV. PREREQUISITES TO CLAIMS UNDER TITLE I OF THE ADA

11. That in or about June 25, 2020, Plaintiff mailed a completed and signed intake questionnaire form to the Equal Employment Opportunity Commission ("EEOC") together with a narrative summary he had prepared of the discrimination and harassment he suffered while in the employ of the Defendant as is more fully detailed in this complaint to the EEOC in Buffalo, New York.

12. On or about July 20, 2021, the EEOC uploaded to their website Plaintiff's "Right to Sue" letter advising him of the completion of the prerequisites to suit. A copy of the "Right to Sue" letter is annexed hereto as Exhibit A.

## V. FACTS

13. Plaintiff was employed with the Defendant Aramark as a route sales representative from August 28, 1997 until December 31, 2019 when Plaintiff was terminated.

14. During October of 2019, Plaintiff suffered a workplace injury to his back due to a defective truck tailgate.

15. That thereafter, Plaintiff applied for FMLA which Defendant acknowledged in a letter to Plaintiff dated October 30, 2019. Defendant acknowledged that Plaintiff was out of work from October 23, 2020, and was entitled to 12 weeks of leave under FMLA.

16. That on or about November 19, 2019, Plaintiff provided the Defendant via his boss, Phil Huben, with a doctor's note stating that Plaintiff was to be out of work until January 7, 2020 due to his injuries. The same day Plaintiff mailed a copy of the doctor's note to Judy Quinlin who worked in Human Resources at Defendant' Syracuse NY office.

17. Thereafter, Plaintiff provided another doctor's note in January 7, 2020 stating that he was to remain out of work until February 7, 2020. He provided this note to both Phil Huben and mailed it once again to Judy Quinlin at Defendant' Syracuse NY office.

18. Thereafter, Plaintiff mailed another doctor's note on or about February 4, 2021 to Judy Quinlin which stated Plaintiff was to remain out of work until March 7, 2020.

19. On or about March 2, 2020, Plaintiff had a telephone conversation with Judy Quinlin wherein she informed Plaintiff he was terminated on December 31, 2019 for unexcused absences.

20. By reason of the foregoing, Defendant has violated Plaintiff's rights pursuant to Title I of the ADA in that the Plaintiff was discriminated against due to his disability.

21. That Plaintiff was subjected to discriminatory conduct by the Defendant Aramark that created an offensive work environment on the basis of his disability

22. Defendant Aramark's employees were in positions to adversely affect the terms, conditions and privileges of Plaintiff's employment.

23. That Defendant Aramark failed to provide any reasonable accommodations to the Plaintiff that would allow him to perform his job.

24. In the alternative, Defendant Aramark failed to provide Plaintiff with the opportunity to perform a different job or task of which said position was presently available at the time of Plaintiff's injury.

25. As a result of Defendant Aramark's actions, Plaintiff experienced loss of income, other monetary loss, fear, anxiety, shame, embarrassment, emotional pain and suffering, and loss of enjoyment of life.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against the Defendant for

(a) Actual damages;

(b) Compensatory damages, including but not limited to

(c) Punitive damages;

(d) Costs, disbursements and reasonable attorney's fees;

(e) For such other and further relief as may be just and proper.

## VI. DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues in this action.

Dated: October 16, 2021

/s/Seth J. Andrews _____
Seth J. Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
sandrews@kennethhiller.com